**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAURICE JILES,

      Plaintiff,

      v.

WARDEN WILLIAMS et al.,

      Defendants.

2:16-cv-01118-JCM-NJK

**ORDER**

**I.    DISCUSSION**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On December 27, 2016, this Court issued a screening order permitting the case to proceed against Defendant Nunez. (ECF No. 2 at 4-5). The Court stayed the case for ninety (90) days to allow Plaintiff and Defendant an opportunity to settle their dispute. (*Id.* at 5). The Court directed the Attorney General's Office to advise the Court whether it would enter a limited notice of appearance on behalf of Defendant for the purpose of settlement. (*Id.* at 6). On January 18, 2017, the Attorney General's Office responded that it was unable to provide a limited notice of appearance because there were no current NDOC employees named Nunez and that it was unable to determine which former employee named Nunez Plaintiff was referring to. (ECF No. 5 at 1).

On January 20, 2017, the Court issued an order permitting Plaintiff to conduct limited pre-service discovery in an effort to ascertain the true identity of Nunez. (ECF No. 6 at 2). The Court permitted Plaintiff to serve three (3) interrogatories on the Attorney General's Office in order to discovery the identity of the Nunez described in Plaintiff's complaint. (*Id.*) The

1    Court directed Plaintiff to serve his interrogatories to the Attorney General's Office within thirty
2    (30) days from the date of that order.  (*Id.*)  The Court directed the Attorney General's Office
3    to file a notice forty-five (45) days from the date of that order informing the Court about the
4    status of Nunez's identity. (*Id.* at 3).  The Court directed the Attorney General's Office to enter
5    a limited notice of appearance on behalf of Defendant for the limited purpose of conducting
6    limited pre-service discovery in an effort to ascertain the true identity of Nunez.  (*Id.* at 2).

7          On January 23, 2017, the Attorney General's Office entered a limited notice of
8    appearance on behalf of Nunez for limited purpose of pre-service discovery. (ECF No. 7). On
9    February 6, 2017, Plaintiff responded that the Attorney General's Office entered a limited
10   notice of appearance on behalf of Nunez in order to ascertain Nunez's true identity and, thus,
11   Nunez had been "served and delivered." (*Id.* at 2).  Plaintiff stated that his case could now
12   move forward pursuant to the screening order. (*Id.*)

13         On March 3, 2017, the Attorney General's Office filed a notice informing the Court that
14   Plaintiff did not serve any interrogatories on the Attorney General's Office and that it was still
15   unable to enter any appearances for early mediation.  (ECF No. 9 at 2).

16         The Court finds that Plaintiff has mischaracterized this Court's January 20, 2017 order.
17   That order directed the Attorney General's Office to enter a limited notice of appearance for
18   the sole purpose of giving Plaintiff the opportunity to learn Nunez's true identity.  Instead of
19   filing any interrogatories, Plaintiff attempts to argue that the limited notice of appearance for
20   pre-service discovery satisfied service on Nunez.  It does not.

21         The Court grants Plaintiff one final opportunity to  conduct limited pre-service discovery
22   in an effort to ascertain the true identity of Defendant Nunez.  Plaintiff shall serve three (3)
23   interrogatories on the Attorney General's Office in order to discover the identity of the Nunez
24   described in Plaintiff's complaint. If Plaintiff and the Attorney General's Office learn the identity
25   of the Nunez who allegedly violated Plaintiff's rights, the Attorney General's Office shall enter
26   a limited notice of appearance on behalf of Defendant Nunez for the purpose of settlement in
27   compliance with this Court's screening order (ECF No. 2). If Plaintiff fails to serve the Attorney
28   General's Office three (3) interrogatories on or before Friday, March 24, 2017, for the purpose

of discovering the identity of the Nunez described in Plaintiff's complaint, the Court will dismiss this case with prejudice.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Clerk of the Court shall electronically **SERVE** a copy of this order on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

IT IS FURTHER ORDERED that Plaintiff shall serve three (3) interrogatories on the Attorney General's Office in order to discover the true identity of the Nunez identified in Plaintiff's complaint. Plaintiff shall serve his three (3) interrogatories on the Attorney General's Office on or before Friday, March 24, 2017.[1] If Plaintiff fails to timely serve the interrogatories to the Attorney General's Office, the Court shall dismiss this case with prejudice.

IT IS FURTHER ORDERED that, if Plaintiff and the Attorney General are able to discover the true identity of the Nunez identified in Plaintiff's complaint, the Attorney General's Office shall enter a limited notice of appearance on behalf of Defendant Nunez for the purpose of settlement in compliance with this Court's screening order (ECF No. 2).

IT IS FURTHER ORDERED that, on or before Friday, April 14, 2017, the Attorney General's Office shall either file a limited notice of appearance on behalf of Defendant Nunez for the purpose of settlement or file a notice informing the Court about the status of Defendant Nunez's identity.

///
///
///
///
///
///

---

[1] Plaintiff shall serve his interrogatories to Frank A. Toddre, II, Nevada Attorney General, Bureau of Litigation, Public Safety Division, 555 E. Washington Ave., Ste. 3900, Las Vegas, Nevada 89101.

1       IT IS FURTHER ORDERED that, if Plaintiff and the Attorney General's Office are unable to discover the true identity of the Nunez identified in Plaintiff's complaint after pre-service discovery, the Court will dismiss the case without prejudice.

        DATED: This 6th day of March, 2017.

                                    _____
                                    NANCY J. KOPPE
                                    UNITED STATES MAGISTRATE JUDGE